

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
KIMBERLY A. NELSON, ESQ.
Nevada Bar No. 15295
Email: Kimberly.Nelson@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for John R. Gray; Knight Transportation, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Corey Ramon Moreland, an individual; Terri L. Moreland, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>John Richard Gray, an individual; Knight Transportation, Inc., a foreign corporation; Doe Owners I-V; Doe Drivers I-V; Does I-V; and Roes I-V, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-01909<br><br>**Stipulation and Order to Protect Confidential Materials and Information** |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, policy, affidavit, deposition transcript, inspection and all other electronic and tangible items.

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such

303235132v.1

material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

5. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and provide to other counsel their written agreement to be bound by the terms of this Order.

6. If a party wishes to attach Confidential Material to a non-dispositive motion or other filing (excluding dispositive motions) with the Court, then that party will notify the designating party of its intent to attach the Confidential Material to the filing in writing at least ten (10) days before filing. If the designating party believes that the release of the Confidential Material is adverse to the terms of this stipulation, then the non-designating party will bring a motion to seal the non-dispositive motion or other filing.

7. If a party wishes to attach Confidential Material to a dispositive motion, then that party will notify the designating party of its intent to attach the Confidential Material to the dispositive motion, in writing, at least ten (10) days before filing. The designating party shall then file a motion with the Court to seal the document, setting forth a compelling reason as established by the Ninth Circuit Court of Appeals in *Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

8. If a party wishes to file any Confidential Material under seal, the party must comply with the requirements of sealing records per Nevada law and the Ninth Circuit Court of Appeals' decision in *Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

305243523.2

9. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

10. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

11. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

12. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

13. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel, and/or destroyed, for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned, and/or destroyed, in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel and/or destroyed.

///

305243523.2

14. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

**IT IS SO STIPULATED:**

| | |
|---|---|
| Dated: December 3, 2024<br><br>**WILSON ELSER**<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br><br>*/s/ Kimberly A. Nelson*<br>Michael P. Lowry, Esq.<br>Nevada Bar No. 10666<br>Kimberly A. Nelson, Esq.<br>Nevada Bar No. 15295<br>Attorneys for John R. Gray; Knight Transportation, Inc. | Dated: December 3, 2024<br><br>RALPH A. SCHWARTZ, P.C.<br><br>*/s/ Ralph A. Schwartz*<br>Ralph A. Schwartz, Esq.<br>Nevada Bar No. 5488<br>Attorneys for Corey Ramon Moreland and Terri L. Moreland |

## **ORDER**

It is so ordered.

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE
Date: 12/11/2024

-4-

305243523.2